DILLARD, Judge,
concurring fully and specially.
In life and in law, context is often crucial; and in this case, context is extremely important. Suffice it to say, as a general matter, it would be highly unusual (and indeed offensive) to refer to a woman’s pregnancy as a “physical injury.” Such a characterization would not only be rightly perceived as demeaning to the mother, but also as an attempt to dehumanize her unborn child. The question before us, however, does not concern a mother’s decision to carry her child to term, but is instead whether a man who molests a young girl and impregnates her as a result of that evil act should be deemed to have “physically injured” her within the meaning of OCGA § 16-6-4 (c) (i.e., the aggravated child molestation statute). And like the majority, I answer that question in the affirmative.
As the majority correctly notes, OCGA § 16-6-4 does not define what “physically injures” means, and there is no precedent established by this Court or our Supreme Court defining the term in this particular context. The question, then, is whether a fair reading of the relevant statutory language,[15] “physically injures,” encompasses the physical changes and conditions associated with a pregnancy caused by child molestation. And like the majority, my analysis necessarily begins with familiar and binding canons of statutory construction. In this respect, our charge as an appellate court is to “presume that the General Assembly meant what it said and said what it meant,” which means that we “must afford the statutory text its plain and ordinary meaning, consider the text contextually, and read the text in its most natural and reasonable way, as an ordinary speaker of the English language would.”[16]
Here, I agree with the majority that a fair reading of “physically injures,” in this unique statutory context, includes the physical *686 changes and conditions associated with a pregnancy resulting from child molestation. Indeed, in addition to the definitions offered by the majority, The Oxford English Dictionary defines “injure” as “[tjo do hurt or harm; to inflict damage or detriment upon; to hurt, harm, damage; to impair in any way.”[17] And as the majority aptly notes, “[i]t is axiomatic that a full-term pregnancy involves at least some impairment of physical condition[.]” Thus, I have no reservations in joining the majority’s conclusion that the physical changes and conditions experienced by a woman as a result of a pregnancy caused by child molestation constitute a “physical injury” within the meaning of OCGA § 16-6-4 (c).[18]
Decided March 13, 2015
Reconsideration denied March 30, 2015
Richard W. Marks, for appellant.
Paul L. Howard, Jr., District Attorney, Arthur C. Walton, Assistant District Attorney, for appellee.
I fully concur, then, with the majority’s opinion, and as such, it may be cited as precedential authority in future cases. I do so, however, with the understanding that our characterization of the physical changes and conditions associated with a pregnancy caused by child molestation as a “physical injury” is limited to this unique statutory context (i.e., as a basis for an enhanced criminal penalty against a child molester).[19] Nothing in this opinion may be used to deny a mother or her unborn child any rights, protections, or privileges that they would otherwise be entitled to under state or federal law.

 See State v. Able, 321 Ga. App. 632, 636 (742 SE2d 149) (2013) (“A judge is charged with interpreting the law in accordance with the original and/or plain meaning of the text at issue (and all that the text fairly implies ... Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 33 (1st ed. 2012) (describing and endorsing the “Fair-Reading Method” of interpreting statutes-i.e., “determining the application of a governing text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued.”).

 Martinez v. State, 325 Ga. App. 267, 273 (750 SE2d 504) (2013) (citation and punctuation omitted); accord Deal v. Coleman, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013).

 The Compact Oxford English Dictionary 851 (2d ed. 1991).

 See United States v. Shannon, 110 F3d 382, 388 (7th Cir. 1997) (noting that pregnancy can involve, among other things, “morning sickness, fatigue, edema, back pain, weight gain . . .”); People v. Sargent, 150 CalRptr 113, 116 (1) (1978) (noting that “[m]ajor physical changes begin to take place at the time of pregnancy,” which “involves a significant bodily impairment primarily affecting a woman’s health and well being.”).

 See People v. Cathey, 681 NW2d 661, 666 (II) (C), n. 5 (Mich. App. 2004) (noting “the importance of the circumstances in which this issue is discussed,” and that “[o]utside the instant context, i.e., a pregnancy resulting from an illegal act, it may seem peculiar to consider [the conditions of] pregnancy to [constitute] a bodily injury” because “pregnancy is a wonderful event that is celebrated as one of life’s greatest gifts.”).